(No. 74-CV-51—

IN RE APPLICATION OF THOMAS A. GOKEY.

*Opinion filed August 28, 1975.*

THEODORE FLORO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General for Illinois.

PER CURIAM.

This claim arises out of an incident which occurred on April 26, 1974, at 200 Main Street, Woodstock, Illinois. The Claimant seeks compensation under the provisions of the "Crime Victims Compensation Act,"

Ill.Rev.Stat., 1973, Ch. 70, §70, 71, et seq. (hereafter referred to as the "Act").

The sole issue presented to the Court is whether the Claimant cooperated fully with law enforcement officials.

Evidence was taken by the Court at a hearing conducted by Martin C. Ashman, a Commissioner of this Court.

The Claimant testified that on April 26, 1974, at about 4:00 p.m., while he was at his own apartment he answered a knock on his apartment door and upon his opening the door he was pushed aside by three assailants who demanded the Claimant's money. The Claimant gave the assailants all of the cash in his wallet. After he gave the money the assailants knocked him to the floor and beat, kicked, and stabbed him. As soon as the assailants left he screamed for help at his window and the police were called by a neighbor.

At the arrival of the police the Claimant told the police that he had been robbed and stabbed by three assailants and wanted to be taken to the hospital. He gave the police a description of the assailants to the best of his knowledge. The description was sketchy at best. The assailants wore dark glasses but during the struggle the Claimant was able to knock the glasses off one of the assailants.

Claimant was taken to the hospital and during his hospital stay was visited by police officers who showed him pictures of suspects. Claimant was unable to identify any of the persons as his assailants.

The day after the Claimant was released from the hospital he went to the Sheriff's Office and looked at more pictures of suspects and from time to time thereafter he was shown more of such pictures but was unable at any time to identify any of them as being his assailants.

On one occasion of the showing of pictures he was shown two pictures of persons whom the police indicated were the actual criminals but the Claimant was unable to recognize them.

The Claimant normally wears glasses but was not wearing them at the time of the crime.

Donald Bosewell testified for the Respondent that he was an officer with the Woodstock Police Department assigned to the case. During his investigation he came across a lead which resulted in his obtaining an admission from a person that such person was one of the assailants. The statement that the police officer took from the admitted assailant also implicated two other persons.

The officer never showed the picture of the party who made the admission to the Claimant because this party was a juvenile. He did however show the Claimant pictures of the two men who were implicated by the statement of the juvenile but the Claimant was unable to identify them.

No one was ever charged with a crime as a result of the incident and subsequent investigation.

The Act provides in Section 2(d) that a person is entitled to compensation if, among other conditions,

Applicant has cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

In this case, the police apparently complained that even though they believed, based on good information, that they had apprehended the assailants, the Claimant failed to identify them.

Full cooperation with law enforcement officials means compliance with every reasonable request of law enforcement officials. It obviously does not require a victim to recognize one as his assailant if the victim is

sincerely unable to do so, even though the police have good reason to believe they have actually apprehended the assailant. To hold otherwise would be to require the victim to commit perjury.

In this case, the victim complied with all reasonable requests of the police. He provided descriptions as best as he could of the criminals. He viewed pictures of suspects on numerous occasions. There was absolutely no evidence that the Claimant deliberately refused to identify an assailant whom he actually recognized. There is no evidence of any motive on the part of the Claimant to refuse cooperation.

The Court, therefore, finds that the Claimant fully cooperated with the law enforcement officials.

The Court further finds that the Claimant was a victim of a violent crime as defined in Section 2(c) of the Act, to wit, "Aggravated Battery," Ill.Rev.Stat., 1973, Ch. 38, Sec. 12-4; that there is no evidence of any wrongful act or substantial provocation by the Claimant for the crime and the victim and his assailant were not related nor sharing the same household.

The Court further finds that the Claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1. | Hospital | $2,299.58 |
| 2. | Medical | 1,115.00 |
| 3. | Tests and Drugs | 15.00 |
| | Total: | $3,429.58 |

The Claimant has received benefits from other sources in the amount of $220.00.

In determining the amount of compensation to which an applicant is entitled, Section 7(d) of the Act states that this Court:

shall deduct $200.00 plus the amount of benefits, payments or awards payable under the Workmans Compensation Act or from local governmental, state or federal funds or from any other source, (except annuities, pension plans, federal social security benefits and the net proceeds of the first $25,000.00 of life insurance that would inure to the benefit of the applicant . . .).

That in the claim before us, the benefits received by the Claimant from other sources which must be deducted from his loss as contemplated by Section 7(d) of the Act were shown to be in the sum of $220.00. This amount plus the statutory deduction of $200.00 having been deducted from the gross amount of loss leaves a loss compensable under the Act of $3,009.58.

It Is THEREFORE ORDERED that the total sum of $3,009.58 be awarded Thomas A. Gokey, an innocent victim of a violent crime.